UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERANCE A. DAVIS,  )
d/b/a Davis Farms,  )
    Plaintiff,  )
       )   No. 1:12-cv-348
-v-  )
       )   HONORABLE PAUL L. MALONEY
ARCHER DANIELS MIDLAND CO., and  )
ADM ALLIANCE NUTRITION, INC.,  )
    Defendants.  )
       )
_____)

## AMENDED[1] OPINION AND ORDER
## GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS

In this case, Plaintiff Terance A. Davis brings a variety of tort and contract claims against Defendants, agricultural supply firms who allegedly sold Mr. Davis defective pig feed. Before the court is Defendants' motion to dismiss the tort-based claims under the economic-loss doctrine. (ECF Nos. 18–19.) Mr. Davis has not responded to this motion.

Under Michigan's economic-loss doctrine, "[w]here a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only 'economic' losses." *Neibarger v. Universal Coops., Inc.*, 486 N.W.2d 612, 615 (Mich. 1992). Mr. Davis's complaint alleges that the pig feed he bought from Defendants was unacceptably moldy and that as a result, he had to use more food, while his pigs ultimately went to market underweight, at a lower quality, and with a higher death rate. That is, Mr. Davis claims that Defendants' failure to provide the contracted-for feed caused him lost profits and

---

[1] The court's original order mistakenly stated, in its second-to-last line, that Plaintiff's *contract* claims were dismissed. This amended order fixes that mistake and properly states that Plaintiff Davis's *tort* claims are to be dismissed.

consequential damages.  As with the dairy farmers who brought suit in *Neibarger* claiming harm to their herd, these are economic losses, to be addressed by contract law, not tort law.  *Id.* at 619–21 ("Damage to property, where it is the result of a commercial transaction otherwise within the ambit of the UCC, should not preclude application of the economic loss doctrine where such property damage necessarily results from the delivery of a product of poor quality.").

For these reasons, Defendants' partial motion to dismiss Plaintiff Davis's tort claims (ECF No. 18) is hereby **GRANTED**.

**IT IS SO ORDERED.**


Date:   February 4, 2013                                        /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                Chief United States District Judge